UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                    Case No. 2:02-cr-96-FTM-29DNF

ELMER L. BURRELL
_____

**OPINION AND ORDER**

This matter is before the Court on defendant Elmer L. Burrell's Motion for Downward Departure (Doc. #93) filed on January 29, 2008. On April 21, 2003, defendant was sentenced to 188 months in prison following his conviction by guilty plea to conspiracy to possess with intent to distribute 5 grams or more of cocaine base. (Doc. #57.) Defendant seeks a reduction in his sentence because of his current medical condition and security custody classification. Because petitioner is proceeding pro se, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of jurisdiction even though none are identified by defendant, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991).

The jurisdiction of the Court is an issue of law. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003). The Court has no inherent power to correct even an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. Diaz-Clark, 292 F.3d at 1315.

Defendant assert that the Court has jurisdiction under 18 U.S.C.

§§ 3553(b) and 3582(c) and U.S. Sentencing Guidelines § 5H1.1 and § 5H1.4. No post-conviction jurisdiction is given a district court by § 3553(b), which relates to the application of the Sentencing Guidelines at sentencing. Similarly, the Sentencing Guidelines provisions cited by defendant relate to the original sentence, and do not give the Court jurisdiction in the post-sentencing context. Additionally, no portion of § 3582(c) applies. Section 3582(c)(1)(A) does not apply because the request is not made by the Director of the Bureau of Prisons. Section 3582(c)(1)(B) does not apply because there are no other statutes which expressly permit such a modification, as discussed further below, and no Rule 35(b) motion has been filed by the government. Section 3582(c)(2) does not apply because there is no retroactive amendment which relates to a defendant's medical condition or security classification. The Court finds no other basis for jurisdiction to consider defendant's request for a sentence reduction.

The Court would make two observations. First, the Bureau of Prisons has the authority to authorize a limited release for medical treatment which is not otherwise available. 18 U.S.C. § 3622(a)(3). Second, the Court notes that on December 11, 2007, the Sentencing Commission made Amendment 706, as amended by Amendment 711, retroactive effective March 3, 2008. This amendment allows for a two level reduction in the base offense level for those defendants convicted of cocaine base, crack cocaine offenses. Defendant may not be eligible under Amendment 706, however, because he was sentenced as a career offender and therefore his Sentencing Guidelines range would not be affected by a two level reduction. The Court declines to consider this issue because the amendment is not effective until March

3, 2008, and defendant may wish to file a motion specifically under that amendment.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant's Motion to Downward Departure (Doc. #93) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___14th___ day of February, 2008.

                                                JOHN E. STEELE
                                                United States District Judge

Copies:
AUSA (Molloy)
FPD (Der Ovanesian)
Elmer L. Burrell
U.S. Probation