UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


UNITED STATES OF AMERICA

vs.                                    Case No. 2:02-cr-96-FTM-29DNF

ELMER BURRELL
_____


**OPINION AND ORDER**

This matter is before the Court on defendant Elmer Burrell's *pro se* Motion Under § 3582 for Reduction in Sentence Pursuant to the Fairness in Cocaine Act and Spears Decision (Amendment 750) (Doc. #116), filed on March 16, 2012. Because defendant is ineligible for relief, the motion is denied.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by

the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Defendant's sentence was based on his career offender status, not the crack cocaine Sentencing Guidelines. Thus, defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission", as required by § 3582(c)(2). Therefore defendant is not eligible for a reduction pursuant to Amendment 750. United States v. Moore, 541 F.3d 1323 (11th Cir. 2008)(addressing Amendment 706), cert. denied, 129 S. Ct. 1601 (2009); United States v. Stevens, No. 11-15739, (11th Cir. May 14, 2012); United States v. Allen, No. 11-14649, (11th Cir. Apr. 30, 2012). Additionally, the Eleventh Circuit has held that the Fair Sentencing Act does not apply where the offense conduct and the date of sentencing both precede enactment of the Fair Sentencing Act. United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), cert. denied, 131 S. Ct. 1833 (2011). Nothing in Spears v. United States, 555 U.S. 261 (2009) changes this result. The two cases in which certiorari has been granted, Hill v. United States, 132 S. Ct. 759 (2011) and Dorsey v. United States, 132 S. Ct. 759 (2011), both involved defendants sentenced for the first time after the effective date of the Fair Sentencing Act. United States v. Allen, No 11-14649, slip op. at 5 n.1 (11th Cir. Apr. 30, 2012).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant Elmer Burrell's *pro se* Motion Under § 3582 for

2

Reduction in Sentence Pursuant to the Fairness in Cocaine Act and Spears Decision (Amendment 750) (Doc. #116) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___24th___ day of May, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Probation
U.S. Marshal
DCCD
Elmer Burrell